UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DALMA S. EDWARDS,

                Petitioner,

v.                                          2:08CV306

MEKELLA S. DUNLAP, United
States Probation Officer,
United States District Court
Eastern District of Virginia,

                Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I.  STATEMENT OF THE CASE

### A.  Background

On February 10, 2003, in the United States District Court for the Eastern District of Virginia, Norfolk Division, petitioner was convicted of theft and money laundering.  Petitioner was sentenced to serve seventy-eight months in prison, followed by three years of supervised release.

On February 13, 2004, petitioner filed a 28 U.S.C. § 2255 petition in this Court, but he later moved to dismiss the proceeding. On May 27, 2004, the motion was granted, and the matter was dismissed. Almost one year later petitioner filled a second § 2255 petition in this Court, but on May 17, 2005, the petition was denied as a successive application filed without certification from the appellate court.  On

appeal, the Fourth Circuit held that the petition was not successive because the first § 2255 petition had been dismissed without prejudice, and therefore, no appellate authorization was required.  On February 14, 2006, the District Court rejected petitioner's claims and denied his second § 2255 petition.  On May 25, 2007, petitioner completed his term of incarceration and was released to the United States Probation Department to begin serving his term of supervised release.

On July 1, 2008, petitioner filed a petition for writ of habeas corpus in this Court, and on August 26, 2008, respondent filed a response thereto.  This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner's sole complaint is that his supervised release unconstitutionally restrains his liberty right to "live and enjoy the things that Free Men are entitled to in this country."

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true.  See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion,

the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.  Background of the Case

In 2000, petitioner, and others, founded Air Atlantic Express, USA, Inc. (hereinafter "AAE"), for the purpose of hauling air freight. On October 30, 2000, the United States Postal Service (USPS) contracted with AAE to haul mail during the holiday season.  Two weeks later, petitioner, President of AAE, notified the USPS that AAE would be unable to perform the contracted work.  Accordingly, the USPS terminated the contract before any services had been performed by AAE.  On January 11, 2001, the USPS inadvertently issued a check to AAE in the sum of Six Hundred Seventy-Nine Thousand Seven Hundred Dollars ($679,700.00). Shortly thereafter, the USPS realized the error, promptly notified petitioner of the mistake, and demanded repayment.  However, instead of refunding the money, petitioner fled to New Zealand with the payment.

On June 22, 2001 the Norfolk Grand Jury returned a six-count indictment against petitioner for theft of government property, wire fraud, money laundering, and making a false statement.  The United States formally requested petitioner's extradition from New Zealand in July, 2001.  Petitioner fought extradition, but in September, 2002, the New Zealand court surrendered petitioner.

### B.  Federal Habeas Petitions
### Under 28 U.S.C. §§ 2241 and 2255

Habeas corpus petitions made by federal prisoners are governed by 28 U.S.C. §§ 2241 and 2255.  Under the code, a petitioner must be "in custody" to seek relief through habeas petitions.  However, an individual on parole or on supervised release is considered "in custody" for purposes of the habeas corpus petition.  Maleng v. Cook, 490 U.S. 488,

491 (1989); <u>Jones v. Cunningham</u>, 371 U.S. 236, 243 (1963).  In this case, petitioner, who is currently under supervised release, is "in custody" and is, therefore, entitled to file a habeas petition.

The sole means through which a federal prisoner may challenge the validity of a conviction or sentence, except where "the remedy by motion is inadequate or ineffective to test the legality of his detention" is through 28 U.S.C. § 2255.  <u>See</u> <u>Cowles v. Brooks</u>, 241 F. Supp. 2d 579, 581 (E.D. Va. 2002); <u>Swan v. Pressley</u> 430 U.S. 372, 377-388 (1977).  Thus, challenges to the imposition of a sentence must be brought pursuant to § 2255, whereas challenges to the execution of a sentence must be brought pursuant to § 2241.  <u>Cowles</u>, 241 F. Supp. 2d at 581. Petitioner's claim that his supervised release is an unconstitutional restriction on his freedom and liberty is an attack upon his sentence and the terms of his supervised release, not on the execution of that sentence.  That the petition was filed pursuant to § 2241 is not determinative where the substance of the petition falls within the scope of § 2255.  <u>See</u> <u>Melton v. United States</u>, 359 F.3d 855, 857 ( 7th Cir. 2004).  Accordingly, the petition filed as a § 2241 is improperly before the Court and should be DISMISSED.

## C.  Statute of Limitations for § 2255 Habeas Petitions

Even if the petition had been properly filed as a § 2255 petition, it would be barred by the statute of limitations.  The one-year limitations period for § 2255 petitions runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United State is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

>      Court and made retroactively applicable to cases on
>      collateral review; or
>
>      (4) the date on which the facts supporting the
>      claim or claims presented could have been
>      discoverable through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment in Petitioner's case became final on February 13, 2003. Petitioner makes no claim of an impediment to filing a § 2255 petition due to a government action in violation of the Constitution, nor does he claim that a new right has been recognized by the Supreme Court made retroactive to his case. Finally, the facts on which petitioner's claim rests have been available since his sentencing date, and if not then, since the date of his release from imprisonment into the custody of the United States Probation Department. Using either date of February, 10, 2003, or May 25 2007, the petition is untimely, as it was not filed until July 1, 2008. Accordingly, the petition is barred by the statute of limitations and should be DISMISSED.

### D.  The Petition is Successive

Even if the petition was properly filed as a § 2255 petition and was not barred by the statute of limitations, the petition is successive. After the disposition of a § 2255 petition, a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Petitioner has filed two previous § 2255 petitions: The first was filed February 13, 2004, but was dismissed on May 27, 2004. The second was filed April 4, 2005, but was not considered a successive petition because the first petition had been dismissed without prejudice. However, the second petition was subsequently denied, thus making the current petition (although improperly filed as a § 2241 petition) a successive petition. To be certified by the Court of Appeals, a successive petition must contain:

>      (1) newly discovered evidence that, if proven, and
>      viewed in the light of the evidence as a whole,

would be sufficient to establish by clear and
convincing evidence that no reasonable factfinder
would have found the movant guilty of the offense;
or

(2) a new rule of constitutional law, made
retroactive to cases on collateral review by the
Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Neither factor is present in this case. Since the

Court of Appeals has not authorized the current filing, the petition

should be DISMISSED.

### E.   "Inadequate or Ineffective" Remedy

In light of the above, there is an exception to the statute of

limitations and to the successive rule on § 2255 petitions. A petition

for writ of habeas corpus may be filed under section 2241, if it "appears

that the remedy by [§ 2255] motion is inadequate or ineffective to test

the legality of detention." 28 U.S.C. § 2255. However, the denial of

a prior § 2255 petition does not qualify as inadequate or ineffective

grounds. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000); Wofford v.

Scott, 177 F.3d 1236 (11th Cir. 1999); Overman v. United States, 322 F.2d

649 (10th Cir. 1963). Section 2255 is inadequate or ineffective to test

the legality of a conviction when:

(1) at the time of conviction, settled law of this
circuit, or the Supreme Court established the
legality of the conviction; (2) subsequent to the
prisoner's direct appeal and first § 2255 motion,
the substantive law changed such that the conduct
of which the prisoner was convicted is deemed not
to be criminal; and (3) the prisoner cannot satisfy
the gatekeeping provisions of § 2255 because the
new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Petitioner does not meet those

conditions. Petitioner's supervised release is part of his original

sentence and is specifically authorized by 18 U.S.C. §§ 3583(a) and (b).

See United States v. Woodrup, 86 F.3d 359, 361 (4th Cir. 1996). The law

has not changed or been altered regarding the authorization of supervised

release. The petition is successive and should be DISMISSED.

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED.   Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right."  Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.  See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140

(1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).


_____/s/_____
James E. Bradberry
United States Magistrate Judge

**Norfolk, Virginia**

**January 13, 2009**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of

the following:

Dalma S. Edwards, <u>pro</u> <u>se</u>
6625 Glen Oak Dr.
Norfolk, VA 23513


Robert J. Krask, Esq.
Assistant United States Attorney
101 West Main Street
World Trade Center, Suite 8000
Norfolk, VA 23510


Fernando Galindo, Clerk

By _____
          Deputy Clerk

_____, 2009